HERBERT N. LUSTIG, Plaintiff-Appellee, *v.* ALBERT A. ROBIN, Defendant-Appellant.

(No. 55221;

First District—May 30, 1972.

Ordower & Ordower, of Chicago, for appellant.

Schuyler, Stough & Morris, of Chicago, (Richard A. Cowen, of counsel,) for appellee.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

This action was brought against the purchaser of real estate for a commission of $10,000 allegedly promised to the plaintiff-broker by the defendant in consideration of plaintiff's waiver of any right to commission from the owners of the real estate. The jury found that defendant was obligated to pay plaintiff, and entered a verdict in favor of plaintiff in the sum of $13,000. The court entered judgment upon this verdict, and the defendant appeals. The facts follow.

The plaintiff, a real estate broker, had on prior occasions submitted various pieces of property to the defendant for his consideration. Knowing that the defendant might be interested, plaintiff contacted him regarding a certain parcel of unimproved property on the north side of

Chicago known as Robbins Terrace. The defendant, a major real estate developer, became interested in purchasing the property.

The plaintiff testified that the defendant felt it would be advantageous for plaintiff to stay out of the transaction so that the defendant could deal directly with Arthur Rubloff & Company, a large real estate agency which had listed the property for sale. Plaintiff contends that defendant offered to pay him $10,000 if he would waive any commission he might otherwise receive, and not encumber the transaction. The plaintiff agreed to accept $10,000 and stay out of the transaction, leaving defendant free to deal with Arthur Rubloff & Company, Plaintiff nevertheless helped defendant prepare the offer, and the property was purchased through Arthur Rubloff & Company for $1,204,000. The defendant refused to pay the plaintiff $10,000, and plaintiff brought suit.

Only two errors are charged:

"1) that the trial court improperly received into evidence two memoranda which the defendant contends do not come within the 'business record' exception to the hearsay rule; and

2) that certain prejudicial remarks were made by plaintiff's counsel regarding the wealth of the defendant and the plaintiff's state of health."

At the trial plaintiff introduced into evidence two memoranda written by R. J. Adelman, president of Arthur Rubloff & Company. These were addressed to the office file and contained a recitation of the progress of the transaction leading to the sale of the property to defendant. Some of this information served to substantiate plaintiff's claim. Defendant contends that these memoranda were inadmissible on the grounds that they were not made pursuant to a requirement of the business and that they were not made in the regular course of business.

The plaintiff claims that the memoranda were admissible under Illinois Supreme Court Rule 236, which provides in pertinent part:

"(a) Any writing * * *, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of the act, transaction, occurrence, or event, if made in the regular course of any business, and if it was the regular course of the business to make such a memorandum or record at the time of such an act, * * * within a reasonable time thereafter."

R. J. Adelman testified that he prepared the memoranda; that it was his practice to do so; that these memoranda were prepared in the usual course of business; that they were true and correct when prepared; and that they were prepared within a reasonable time after the occurrence of the described events. The defendant offered no testimony or evidence to refute Adelman's testimony. It is well established that the admissibility

of a memorandum is, at least partially, within the discretion of the trial court. (*Newark Electronics Corp. v. City of Chicago*, 130 Ill.App.2d 1021.) Having reviewed the record, we feel there was no abuse of that discretion in the admission of these memoranda.

■■ Defendant further argues that there was prejudicial error when plaintiff's counsel made implications regarding the poor health of plaintiff and the financial wealth of the defendant. Specifically, defendant objects to the following direct examination of the plaintiff:

"Mr. Cowen: Q. Mr. Lustig, I notice, during the course of your testimony today, you have been taking some small pills.

A. I am sorry if I distracted—

Mr. Ordower: If the court please—"

The objection was sustained and the court later gave an instruction to the jury that neither sympathy nor prejudice should influence their decision. In his closing argument plaintiff's attorney told the jury that the plaintiff was not looking for sympathy. The record, viewed in its entirety, reveals no substantial basis for defendant's contention regarding plaintiff's appeal to the jury's sympathy.

■■ Finally, the defendant urges that plaintiff introduced prejudicial error by referring to the wealth of the defendant. It was the defendant's attorney who first mentioned, in his opening statement, that the total expenditure for the development of the property was 20 million dollars. The defendant, having once opened the door, cannot take advantage of an invited error. The judgment of the Circuit Court is affirmed.

Judgment affirmed.

STAMOS, P. J., and LEIGHTON, J., concur.